UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THOMAS J. C.[1], | Case No.: 6:18-cv-01148-MK |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**KASUBHAI, Magistrate Judge:**

Plaintiff Thomas J. C. brings this action for judicial review of the Commissioner of Social Security's ("Commissioner's") decision denying her application for Disability Insurance Benefits under the Social Security Act (the "Act"). This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Both parties consent to jurisdiction by a U.S. Magistrate Judge.

For the reasons discussed below, the Court remands for the immediate calculation and award of benefits.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental parties in this case.

## BACKGROUND

Plaintiff protectively filed an application for Disability Insurance Benefits on July 28, 2014, alleging disability beginning November 14, 2012. Tr. 147, 162. His claims were initially denied and Plaintiff timely requested and appeared for a hearing before Administrative Law Judge ("ALJ") Mark Triplett on November 30, 2016. Tr. 34. The ALJ denied Plaintiff's application in a written decision dated January 6, 2017. *See* Tr. 18-27. Plaintiff sought review from the Appeals Council. The Appeals Council denied review of the ALJ's decision, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-3. Plaintiff now seeks judicial review of the decision.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, "weighing both the evidence that supports and detracts from the ALJ's conclusion." *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. *Id.* If the claimant satisfies his burden with

respect to the first four steps, the burden shifts to the commissioner at step five. *Id.*; *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) & 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. *Id.* If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Id.*; *see also Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

In the present case, the ALJ found that Plaintiff was not disabled. Tr. 894. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of November 14, 2012. Tr. 20. At step two, the ALJ found Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine, peripheral neuropathy, and obesity." *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). Tr. 20-21.

Prior to step four, the ALJ determined that Plaintiff retained residual functional capacity ("RFC") that allowed him to perform light work. Specifically, Plaintiff "could lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk for six hours in an eight-hour day, and sit for six hours in an eight-hour day." Tr. 21. However, Plaintiff "could never climb ladders, ropes, or scaffolds and had to avoid concentrated exposure to extreme cold." *Id.*

At step four, the ALJ found that Plaintiff was unable to perform past relevant work. Tr. 25. At step five, the ALJ found that there are jobs that exist in significant numbers in the

national economy that Plaintiff can perform based on his age, education, work experience, and RFC, such as office helper, telephone survey worker, and outside deliverer. Tr. 26-27.

Plaintiff seeks review by this Court contending that the ALJ erred in (1) improperly discounting treating doctors' opinions, (2) improperly rejecting Plaintiff's subjective complaints, and (3) improperly omitting functional limitations of Plaintiff in posing the hypotheticals, rendering the Vocational Expert's opinions incomplete and invalid. Pl.'s Br. 10-17 (ECF No. 12).

## I. Medical Opinion Evidence

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r., Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Specific and legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray v. Commissioner*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews v. Shalala*, 53 F.3d 1035, 1042–43 (9th Cir. 1995). An ALJ errs by rejecting or assigning minimal weight to a medical opinion "while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis" for the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014); *see also Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996) (noting that an ALJ effectively rejects an opinion when he or she ignores it).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725). In other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988)). "[T]he opinion of a nonexamining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician." *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (citations omitted); *but see id.* at 600 (opinions of non-treating or nonexamining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record).

Treating physician Dr. Kelly and treating neurologist Dr. Schloesser both responded to a Clinical Assessment of Pain questionnaire for Plaintiff. Tr. 613-14. Dr. Kelly opined that Plaintiff's pain is "[p]resent to such an extent as to be distracting to adequate performance of daily activities or work." Tr. 613. Dr. Schloesser opined that Plaintiff's pain is incapacitating. Tr. 614. Both Dr. Kelly and Dr. Schloesser opined that "[p]hysical activity, such as walking, standing and bending, greatly increases pain causing abandonment of tasks related to daily activities or work." Tr. 613-14. Dr. Kelly further opined that Plaintiff would miss "approximately 15 plus days of work" in a 20-day calendar month due to "severe low back pain w[ith] radicular symptoms, on top of a history of neuropathy." Tr. 613. Dr. Schloesser similarly opined that Plaintiff would miss approximately 20 days of work in a 20-day calendar month. Tr. 614. While Dr. Kelly noted that Plaintiff would be "[c]apable of low stress jobs" because of Plaintiff's "[p]oor work tolerance," he also noted that he "do[es] not have the ability to assess"

Plaintiff's functional limitations. Tr. 610. Dr. Schloesser noted an abnormal nerve conduction study and opined that Plaintiff suffers from severe nerve pain in feet, fingers, and legs. Tr. 615. He assessed that the prognosis of Plaintiff's severe nerve pain is progressive, and Plaintiff is "[i]ncapable of even 'low stress' jobs." Tr. 615-16. Dr. Schloesser also opined that Plaintiff can stand or walk for less than 2 hours and sit for 6 hours in an 8-hour working day. *Id.*

The ALJ rejected Dr. Kelly's and Dr. Schloesser's opinions "because they are inconsistent with other substantial evidence of record." Tr. 25. The ALJ "particularly note[d] that examination findings through the date last insured show tenderness and muscle spasm in the lumbar spine and abnormal lower extremity sensation but otherwise normal findings; in addition, the claimant's symptoms typically improved with physical therapy and adjustments to his medical regimen." Tr. 25. Additionally, while the ALJ did not expressly state that he discounted Dr. Kelly's and Dr. Schloesser's opinions in favor of the conflicting opinions of the medical consultants Dr. Bernardo and Dr. Brown, the ALJ found that the "otherwise normal examination findings" support Dr. Bernardo's and Dr. Brown's opinions that Plaintiff could perform light work. *See* Tr. 25; Tr. 74-76, 85-88.

The Commissioner argues that Dr. Bernardo's and Dr. Brown's non-examining opinions constitute substantial evidence because they are consistent with other independent evidence in the record. Def.'s Br. 12-13 (ECF No. 14) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) ("opinions of a non-examining medical expert … may constitute substantial evidence when it is consistent with other independent evidence in the record.")). However, Plaintiff notes that Dr. Bernardo's and Dr. Brown's reviews in 2014 do not include the July 2015 MRI of Plaintiff which showed severe pathology. Pl.'s Br. 12-13 (ECF No. 12); Tr. 473, 76, 88. Similarly, Dr. Bernardo and Dr. Brown did not review the failed medication treatments that

occurred after their reviews. *Id.* at 13.  The Commissioner does not address the medical record showing worsening symptoms that was developed following the medical consultants' reviews. *See* Def.'s Br. (ECF No. 14).  Because the later developed record is inconsistent with Dr. Bernardo's and Dr. Brown's opinions but is consistent with Dr. Kelly's and Dr. Schloesser's opinions, Dr. Bernardo's and Dr. Brown's opinions cannot serve as substantial evidence to justify the rejection of the opinions of the treating physicians. *Morgan*, 169 F.3d at 600, 602.

Accordingly, the ALJ failed to provide adequate reasons to discredit Dr. Kelly's and Dr. Schloesser's opinions.  The Court credits these treating physicians' opinions. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996) ("Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.' ").

## II. Subjective Symptom Testimony

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281 (internal citation omitted).  A general assertion the claimant is not credible is insufficient; instead, the ALJ must "state which … testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).  If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record,

7 – OPINION AND ORDER

[the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Social Security Ruling ("SSR") 16-3p[2] provides that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, *available at* 2016 WL 1119029 at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Here, the ALJ found that "[Plaintiff]'s medically determinable impairments could reasonably be expected to produce the … alleged symptoms[,] but [his] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 22. The ALJ then recounted Plaintiff's medical record and moved on to discuss the medical opinions of Plaintiff's treating doctors. *See generally*, Tr. 22-25. Next, the ALJ discounted Plaintiff's subjective complaints and the medical opinions of Dr. Kelly and Dr. Schloesser on the same basis – "because they are inconsistent with other substantial evidence in the record." Tr. 25; Def.'s Br. 6 (ECF No. 14). The ALJ did not offer other reasons. *See generally*, Tr. 21-25.

"Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th

---

[2] Effective March 28, 2016, SSR 16-3p supersedes and replaces SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p, *available at* 2016 WL 1119029.

Cir. 2010). After finding that Plaintiff produced medical evidence of the underlying impairment, the ALJ offered the sole reason to discredit Plaintiff's subjective complaints – because they are unsupported by objective evidence. Tr. 22, 25; Def.'s Br. 6 (ECF No. 14). The ALJ's reasoning is flawed. *Berry*, 622 F.3d at 1234.

**III. Vocational Hypothetical**

"Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant[.]" *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). "[When] the hypothetical posed by the ALJ to the vocational expert did not reflect all of [the claimant]'s limitations, the expert's opinion has no evidentiary value and cannot support the ALJ's decision." *Id.* at 423.

Plaintiff contends that the vocational hypotheticals posed by the ALJ were incomplete because the hypotheticals do not incorporate the functional limitations alleged by Plaintiff and opined by his treating doctors, which the ALJ improperly rejected. Pl.'s Br. 17 (ECF No. 12).

The two hypotheticals posed to the VE by the ALJ both envisioned a claimant with the following characteristics: Plaintiff's age, education, and past work experience; can lift and carry 20 pounds occasionally and 10 pounds frequently; can sit for six hours in an eight-hour day; can never climb ladders, ropes or scaffolds and must avoid concentrated exposure to extreme cold. Tr. 55-56, 59. The first hypothetical also envisioned that the claimant can stand and walk for six hours in an eight-hour day while the second hypothetical envisioned a claimant who can stand and walk for four hours in an eight-hour day. Tr. 56, 59. These hypotheticals do not incorporate functional limitations assessed by Plaintiff and his doctors. For example, Dr. Schloesser opined that Plaintiff has progressive polyneuropathy resulting in severe nerve pain and he can stand and

9 – OPINION AND ORDER

walk for two hours in an eight-hour day. Tr. 616. Plaintiff testified that his peripheral neuropath makes it hard for him to feel things and hold onto items. Tr. 45-46.

Because the ALJ's hypotheticals did not take account of Plaintiff's functional limitations that were improperly rejected, the Vocational Expert's opinion based on the ALJ's hypotheticals has no evidentiary value and cannot support the ALJ's decision. *Embrey*, 849 F2d at 423.

## CONCLUSION

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038, 121 S.Ct. 628, 148 L.Ed.2d 537 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)). The Court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id.* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (citing *Bunnell*

*v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 2003)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

Here, the first prong of the credit-as-true analysis is met because the ALJ failed to provide legally sufficient reasons for rejecting the treating physicians' opinions and Plaintiff's subjective testimony.

As to the second prong, both Dr. Kelly and Dr. Schloesser opined that Plaintiff would miss more than 15 days of work in a 20-day calendar month and their opinions are credited. The Vocational Expert also testified that if an individual were to be off task 20 percent or more, this individual would not be able to keep a job. Tr. 68-69. Plaintiff therefore would not be able to keep a job. "[W]here the ALJ improperly rejects the claimant's testimony regarding his limitations, and the claimant would be disabled if his testimony were credited, 'we will not remand solely to allow the ALJ to make specific findings regarding that testimony.' Rather, that testimony is … credited as a matter of law." *Lester*, 81 F.3d at 834. The Court credits Plaintiff's testimony as a matter of law since he would be disabled when his testimony is credited. The second prong of the credit-as-true doctrine is met. It is also clear from the record that the ALJ would be required to find Plaintiff disabled.

For the reasons set forth above, the Court remands this case for the immediate calculation and award of benefits.

DATED this 5th day of August, 2019.

/s/Mustafa T. Kasubhai
Mustafa T. Kasubhai
United States Magistrate Judge